# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK, et al.,

    Plaintiffs,

v.                                                         Case No. 3:17-cv-554-J-32MCR

STORMGEO CORP., INC.,

    Defendant.

## **O R D E R**

Following a hearing on December 19, 2017, (Doc. 36), the Court dismissed Plaintiffs' Amended Complaint without prejudice (Doc. 37). On January 12, 2018, Plaintiffs filed the Second Amended Complaint ("SAC"). (Doc. 41). Now, this case is before the Court on Defendant StormGeo Corp., Inc.'s Motion to Dismiss Second Amended Complaint, (Doc. 44), to which Plaintiffs responded, (Doc. 49), and StormGeo replied, (Doc. 52).

The SAC is twice as long as the Amended Complaint, and is not a model of clarity. While the SAC is not a true shotgun pleading, it incorporates nearly all of the general factual allegations into each cause of action. (Compare, e.g., Doc. 41 ¶¶ 19-36, 52-63 with ¶¶ 64-90 and ¶¶ 95-121). While the same facts can support different counts, the manner in which Plaintiffs have stated their claims makes it difficult to discern which facts support which elements of the claims and whether Plaintiffs have even

pled all of the elements of each count. For instance, "[t]o prove a claim for strict liability for defective design, a plaintiff must show that the defendant manufactured or distributed the product in question, that the product has a defect that renders it unreasonably dangerous and that the unreasonably dangerous condition is the proximate cause of the plaintiff's injury." Marzullo v. Crosman Corp., 289 F. Supp. 2d 1337, 1346 (M.D. Fla. 2003) (citing Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999) and West v. Caterpillar Tractor Co., 336 So. 2d 80 (Fla. 1976)). Plaintiffs bury the allegation of the design defect in paragraph ninety-three, which is really an allegation of breach of duty and more properly belongs in a negligent products liability claim as opposed to a strict products liability claim.[1]

Further, as the Court has just alluded, Plaintiffs' three strict liability counts include allegations of duty and breach, (Doc. 41 ¶¶ 92, 93, 123, 124, 154, 155), which are relevant only to Plaintiffs' negligence and negligent duty to warn claims. See, e.g., Marzullo v. Crosman Corp., 289 F. Supp. 2d 1337, 1347 (M.D. Fla. 2003) (internal quotation marks omitted) ("The difference between negligent failure to warn and failure to warn under a strict liability theory is that a prima facie case of strict liability failure to warn does not require a showing of negligence."); Cassisi v. Maytag Co., 396 So. 2d 1140, 1143 (Fla. Dist. Ct. App. 1981) ("appellants are not required to prove in a strict liability action that the manufacturer or retailer was negligent in the

---

[1] Regardless of whether this is the exact paragraph in which Plaintiffs have pled the design defect, it should not be this difficult to identify the facts supporting each element of the six causes of action. Federal Rule of Civil Procedure 8(a) requires "a short plain statement of the claim showing that the pleader is entitled to relief."

2

preparation or distribution of a product"). Pleading elements of negligence in the strict liability claims is unnecessary and confusing. Although the motion to dismiss does not attack the SAC's Rule 8 sufficiency, given these procedural and structural deficiencies, the Court will nonetheless dismiss the SAC and allow Plaintiffs one last chance to amend. In doing so, Plaintiffs shall clearly state the elements of each claim and only incorporate the underlying factual allegations in each count necessary for support.

Turning to the substance of the motion to dismiss, as the parties acknowledged at the hearing, (Doc. 39 at 17, 43), this is a case of first impression, and the major issues raised in the motion to dismiss—whether the BVS 7 is a product or a service and whether Defendant owed a duty to Plaintiffs—are likely issues of law. Nevertheless, they are informed by the facts. Under these circumstances, once Plaintiffs file the Third Amended Complaint, the Court is inclined to address the merits via summary judgment practice rather than on a motion to dismiss. Under the Case Management and Scheduling Order, dispositive motions are not due until February 1, 2019. (Doc. 38). However, the Court wishes to have the parties' input on the Court's preference to bypass another round of motion to dismiss practice and instead address all issues on summary judgment, perhaps earlier than the February 2019 deadline.

Accordingly, it is hereby

**ORDERED:**

1. Defendant StormGeo Corp., Inc.'s Motion to Dismiss Second Amended Complaint, (Doc. 44), is **GRANTED** to the extent stated in this Order.

2. Plaintiffs' Second Amended Complaint, (Doc. 41), is **DISMISSED without prejudice**.

3. Plaintiffs shall file a Third Amended Complaint by **August 15, 2018**.

4. By **August 15, 2018**, the parties shall file a joint notice informing the Court of their respective positions on whether addressing the issues on summary judgment is the proper manner in which to proceed, and shall also provide proposed deadlines for a summary judgment briefing schedule.

5. StormGeo need not file a response to the Third Amended Complaint until further Order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of July, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record